Matthew C. Helland, CA State Bar No. 250451
helland@nka.com
NICHOLS KASTER, LLP
235 Montgomery St., Suite 810
San Francisco, CA  94104
Telephone: (415) 277-7235
Facsimile: (415) 277-7238

Michele R. Fisher, MN State Bar No. 303069*
fisher@nka.com
Jay E. Eidsness, MN Bar No. 0395347*
jeidsness@nka.com
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile: (612) 338-4878

Austin Kaplan, TX State Bar No. 24072176
akaplan@kaplanlawatx.com
Kaplan Law Firm, PLLC
406 Sterzing St.
Austin, TX 78704
Telephone: (512) 553-9390
Facsimile: (512) 692-2788
*Pro hac vice application forthcoming

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Flynn, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Informatica, LLC,<br><br>Defendant. | **Case No.:**<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**1) Failure to Pay Overtime Compensation in Violation of the Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*)** |

-1-

**PRELIMINARY STATEMENT**

1.      This is a putative collective action brought by Plaintiff Joseph Flynn ("Plaintiff"), on behalf of himself and all others similarly situated.  Plaintiff and those similarly situated are or were employed by Defendant Informatica, LLC ("Informatica" or "Defendant"), as Inside Sales Representatives and were denied proper overtime compensation as required by federal wage and hour laws.  These employees are similarly situated under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      The putative FLSA Collective is defined as:

> all inside sales employees (including Business Development Managers, Inside Sales Representatives, Sales Development Representatives, or other positions with similar job titles and/or duties) (collectively "Inside Sales Representatives") who work or have worked for Informatica anytime from three years prior to the filing of this action through the present (the "Collective Period").

3.      During the Collective Period, Defendant failed to pay overtime compensation to Plaintiff and the FLSA Collective as required by federal law.  Plaintiff seeks relief for himself and for the FLSA Collective under the FLSA to remedy Defendant's failure to pay overtime compensation.

**JURISDICTION AND VENUE**

4.      This Court has original jurisdiction to hear this Complaint and to adjudicate the claim stated herein under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201 *et seq.*  Plaintiff's signed consent form to join this lawsuit is attached as **Exhibit A**.  As this case proceeds, it is likely other individuals will file consent forms and join as opt-in plaintiffs.

5.      Venue is proper in the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1391 because Defendant has its principal place of business in

Redwood City, California, and because a substantial part of the events or omissions giving rise to the claims occurred in this district. On information and belief, Defendant made decisions and determined policies as to pay methods, practices, and classification from its corporate headquarters in Redwood City, California.

6.      Pursuant to L.R. 3-2(c) and (d), this action is properly assigned to the San Francisco Division of the Northern District of California because a substantial portion of the events giving rise to the dispute occurred in San Mateo County as Defendant is located there.

### PARTIES

7.      Plaintiff Joseph Flynn is an adult resident of Pflugerville, Texas.

8.      Defendant employed Plaintiff in an inside sales role as a Business Development Manager working in its Austin, Texas office from approximately May 2017 to approximately January 2019.

9.      Defendant is a Delaware corporation that does business in seven states including California, Illinois, New York, North Carolina, Illinois, Texas, and Virginia. According to Defendant's website, its corporate headquarters is located at 2100 Seaport Blvd., Redwood City, California 94063.

10.     Defendant is a software company that makes and sells enterprise software solutions to businesses' information technology ("IT") departments. Defendant's website states: "As the world's leader in Enterprise Cloud Data Management, we recognize a generational market disruption in data is underway. We are entering Data 3.0, where data powers digital transformation, and we're prepared to help you intelligently lead—in any sector, category or niche. Informatica provides you with the foresight to become more agile, realize new growth opportunities, and create new inventions." Defendant sells its products to businesses, and those businesses in turn sell their own separate products and services to their customers. Upon information and belief, Defendant regularly receives compensation from its clients for these services that are delivered across state lines.

COLLECTIVE ACTION COMPLAINT

11.     Upon information and belief, Defendant is an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, and had an annual gross volume of sales which exceeded $500,000.00.

12.     Plaintiff and other Inside Sales Representatives were engaged in commerce or in the production of goods for commerce as defined by Section 207(a)(1) of the FLSA.

13.     Plaintiff was Defendant's employee as defined by the FLSA, 29 U.S.C. § 203(e)(1), and Defendant was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), (g).

## FACTUAL ALLEGATIONS

14.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

15.     Plaintiff worked for Defendant as a Business Development Manager.  In this role, Plaintiff's primary duty was to sell Defendant's software solutions and products from inside the office to customers across the country, to meet Defendant's production goals.

16.     Defendant employs numerous Inside Sales Representatives who, similar to Plaintiff, sell Defendant's software solutions and products to customers across the country, from inside Defendant's offices.

17.     Inside Sales Representatives routinely work overtime hours to meet the demands set by Defendant.  Defendant put pressure on Plaintiff and the Inside Sales Representatives to contact and respond to potential customers, and meet sales goals, which led to frequent overtime work.

18.     For example, Plaintiff estimates he worked approximately forty-five (45) to forty-eight (48) hours per week on average.  Plaintiff typically arrived to work Monday through Friday before 7:00 a.m. in order to ready for his first telephone call by 7 a.m. each day.  Plaintiff routinely worked those days until at least 3:30 p.m., and often later, particularly at the end of months, quarters, and years.  In addition, Defendant often held meetings late in the day, which required Plaintiff to work even later.  Plaintiff regularly answered work-related phone calls and emails prior to and after his scheduled working hours.  Defendant's demands for service and production also caused Plaintiff to routinely work through lunch.

19.     By way of another example, during the week of July 9, 2018, Plaintiff estimates that he worked approximately 48 hours.  Defendant did not compensate him for any of the overtime hours he worked during that workweek, or any other weeks.

20.     Defendant paid Plaintiff, and those similarly situated, on a salary plus commissions basis without any overtime compensation.

21.     Defendant failed to maintain and keep time records for Plaintiff and those similarly situated.

22.     Defendant knew Plaintiff and the other Inside Sales Representatives worked overtime hours because its job requirements and production standards required it.  Plus, its managers often observed the long hours being worked.

23.     Defendant knew or should have known that its Inside Sales Representatives were non-exempt employees entitled to overtime pay because, for example, federal courts and the U.S. Department of Labor have consistently held that inside salespersons are entitled to overtime wages. Defendant had a duty to investigate and research its obligations under the FLSA.

24.     Defendant's conduct was willful and in bad faith.  Defendant operated under a scheme that has caused significant damages to Plaintiff and the similarly situated individuals.

## CLAIM FOR RELIEF

### FAIR LABOR STANDARDS ACT – FAILURE TO PAY OVERTIME

25.     Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

26.     The FLSA requires employers to pay non-exempt employees no less than one-and-one-half times their regular rate of pay for all hours worked in excess of forty (40) in a workweek. 29 U.S.C. § 207.

27.     Defendant has not properly compensated Plaintiff or the FLSA Collective for their overtime hours as required by the FLSA.

28.     Defendant knew Plaintiff and the FLSA Collective worked overtime without proper compensation, and it willfully failed and refused to pay Plaintiff and the FLSA Collective wages at the required overtime rates.  *See* 29 U.S.C. § 255.

29.     Defendant's willful failure and refusal to pay Plaintiff and the FLSA Collective overtime wages for overtime hours worked violates FLSA.  29 U.S.C. §§ 207, 255(a).

30.     By failing to record, report, and/or preserve records of hours worked by Plaintiff and the FLSA Collective, Defendant failed to make, keep, and preserve records of its employees to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. § 255(a).

31.     As a direct and proximate result of Defendant's conduct, Plaintiff and the FLSA Collective have suffered and will continue to suffer a loss of wages.  Plaintiff and the FLSA Collective are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff, individually and on behalf of the FLSA Collective, prays for relief as follows:

a.     Designation of this action as a collective action and authorization of the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all those similarly situated apprising them of this case and permitting them to assert FLSA claims by filing consent forms pursuant to 29 U.S.C. § 216(b);

b.     Judgment that Plaintiff and the FLSA Collective are non-exempt employees entitled to overtime compensation under the FLSA;

c.     Judgment against Defendant for an amount equal to Plaintiff's and the FLSA Collective's unpaid overtime wages at the applicable overtime rates and liquidated damages;

d.     A finding that Defendant's violations of the FLSA are willful;

e.     All costs and attorneys' fees incurred in prosecuting this claim;

f.     An award of any pre- and post-judgment interest;

g.     For such other and further relief, in law or equity, as this Court may deem appropriate and just.

Dated:   September 30, 2019          **NICHOLS KASTER, LLP**

                         By:     /s/ Matthew C. Helland
                                 Matthew C. Helland

                                 ATTORNEYS FOR PLAINTIFF AND THE
                                 PUTATIVE COLLECTIVE