UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH FLYNN,<br><br>    Plaintiff,<br><br>v.<br><br>INFORMATICA, LLC,<br><br>    Defendant. | Case No. 19-cv-06192-HSG<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO TRANSFER**<br><br>Re: Dkt. No. 22 |

Presently before the Court is Defendant Informatica, LLC's motion to transfer venue to the Western District of Texas. Dkt. Nos. 22, 22-1 ("Mot."). Plaintiff Joseph Flynn does not oppose the transfer. Dkt. No. 27. The Court **GRANTS** Defendant's motion to transfer and **TRANSFERS** this action to the Western District of Texas.

## I. LEGAL STANDARD

"For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). The transfer statute exists "to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964) (citation omitted). The moving party bears the burden of showing that the transferee district is a "more appropriate forum." *See Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000). And the district court has broad discretion in deciding whether or not to transfer an action. *See Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007) ("[T]he district court's decision to change venue is reviewed for abuse of discretion. Weighing of the factors for and against transfer involves subtle considerations and is best left to the discretion of the trial judge.") (citations and quotations omitted).

## II. DISCUSSION

Plaintiff filed this collective action complaint against Defendant for failure to pay overtime compensation in violation of the FLSA. Dkt. No. 1 ("Compl."). Plaintiff is a citizen of Texas and worked for Defendant in its Austin, Texas location. Compl. ¶¶ 7–8. Defendant is a Delaware limited liability company with its headquarters in Redwood City, California. Dkt. No. 22-3 at ¶ 3. The putative FLSA collective is defined as:

> [A]ll inside all inside sales employees (including Business Development Managers, Inside Sales Representatives, Sales Development Representatives, or other positions with similar job titles and/or duties) (collectively "Inside Sales Representatives") who work or have worked for Informatica anytime from three years prior to the filing of this action through the present (the "Collective Period").

Compl. ¶ 2. At the time of the filing of this motion, there were two opt-in Plaintiffs: Alison Blakely, who worked in Defendant's Austin location, and Thomas Chard, who worked in the Redwood City location. Dkt. No. 22-3 at ¶¶ 13, 15.

In its unopposed motion, Defendant claims that the case could have been brought in the Western District of Texas. Mot. at 10–11. The transferee district has federal question subject matter jurisdiction because the complaint alleges a violation of the FLSA *Id*. at 11. According to Defendant, that court has specific personal jurisdiction over it because Defendant "actually conducts business and maintains offices in Texas," and "employed Plaintiff, Opt-In Plaintiff Blakely and the vast majority of the other putative collective members in Texas." *Id*. at 11. And venue properly lies in the Western District because Defendant is subject to personal jurisdiction in that district. *Id*.

With respect to whether the considerations of convenience and fairness favor transfer, Defendant represents that the convenience of all parties and non-party witnesses favors transferring this action because it is the "situs of the material events giving rise to this lawsuit." *Id*. at 15. Specifically, Defendant claims that the inside sales efforts were predominately run out of the Austin, Texas office, *id*. at 9; the "vast majority of the other putative collective members" are in Texas, *id*. at 11; during the relevant period, Defendant employed only six inside sales representatives in California, and those six reported to the VP of Sales in Austin and were

2

1  terminated or transferred "just one week into the potential statutory period," *id*. at 9; the
2  supervisors are all in Texas and decisions concerning compensation and classification were made
3  from the Texas office, *id*. at 14; and employee witnesses "critical to this matter" reside in and
4  around Austin, *id*. at 16.  Further, Defendant contends that because "Austin, Texas is the place
5  where decisions concerning the alleged wrongdoing concerning job classifications and pay were
6  made," the Western District of Texas has a substantial interest in the case.  Mot. at 19.

Plaintiff does not oppose the motion, and the Court finds transfer is warranted.

## III. CONCLUSION

The Court **GRANTS** the unopposed motion to transfer.  Dkt. No. 22.  The Clerk of Court shall **TRANSFER** this case to the United States District Court for the Western District of Texas, and close the file.  The Court also **TERMINATES AS MOOT** the parties' stipulation to cancel the case management conference.  Dkt. No. 32.

**IT IS SO ORDERED.**

Dated: 1/6/2020

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

3